ORTIZ ET AL., PLAINTIFFS AND APPELLEES, *v.* RIVERA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action for Nullity of Will.

No. 1679.—Decided April 30, 1918.

HEREDITARY RIGHTS—NATURAL CHILDREN—CONSTRUCTION.—Given the difference between the two texts and the history of the law, the Spanish and not the English text should govern in construing section 17 of the Act of May 9, 1905, treating of the hereditary rights of natural children.

ID.—ID.—DESCENDANTS—LEGITIMATE CHILDREN.—Perhaps the right of a natural child to succeed its father is not so clearly given by section 913 of the Civil Code as it is by section 905, but the former section shows the general policy of the legislature to make the rights of natural children descendible, at least to their legitimate children, even supposing that said section 913 gave no such right.

The facts are stated in the opinion.

*Messrs. J.* and *M. Tous Soto* for the appellants.

*Messrs. F. Rivera Zayas* and *R. Martínez Nadal* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Apolinar Ortiz died on February 15, 1915. He left a will dated September 15, 1903, wherein he named as his universal heirs two of his children, whom he described as legitimate but who in reality were legitimated. But Apolinar Ortiz had also an acknowledged natural child named Juan Ortiz y León, who predeceased his father on September 15, 1903. The complainants and appellees are the legitimate children of the said Juan Ortiz y León. With these facts properly before it the court declared null and void so much of the will of September 15, 1903, as was a preterition of the rights of the complainants to succeed their said grandfather.

We agree with the appellants that the rights of a person to succeed to an inheritance, more especially as to portions,

must be governed by the law in force at the time of the death of the ancestor, but it does not follow from this premise that the legitimate children here could not take from their grandfather what Juan Ortiz y León, their father, would have taken from his father had the said Juan Ortiz León been then alive. There are two moments. One is the right to succeed to the estate of Apolinar Ortiz. The other is the right of representation. The right of representation, not being repudiated, arose in the appellees on the death of their own father. Under the Roman law the heir succeeded to the personality of his father. Universal succession has been modified in some respects, but not in this regard.

The master objection in this case is that by positive law there is no right of representation in grandchildren where the grandfather had both legitimate and natural children and the grandchildren are the children of a natural child. Appellants rely almost exclusively on the English text of the rules for testate succession, as follows:

"(3886) Sec. 14.—When the testator leaves legitimate children or descendants, and natural children, legally acknowledged, each of the latter shall have a right to a portion equal to one-half of that pertaining to each of the legitimate children who have not received any additional portion; *Provided,* It can be included in the third which may be freely disposed of, from which it must be taken, after the burial and funeral expenses have been deducted.

"The legitimate children may pay the portion pertaining to the natural ones in cash, or in other property of the estate, according to just rules.

"(3887) Sec. 15.—Should the testator not leave any legitimate children or descendants, but does leave legitimate ascendants, the acknowledged natural children shall have a right to one-half of the part of the estate which can be freely disposed of by the testator.

"This is understood without prejudice to the legal portion of the surviving spouse, in accordance with article ten hereof; so that when the spouse survives with acknowledged natural children, what may be lacking to make up their legal portion shall be awarded to them as a naked property right during the life of the spouse.

"(3888) Sec. 16.—When the testator leaves no legitimate de-

scendants or ascendants, the acknowledged natural children shall be entitled to a third of the inheritance.

"(3889) Sec. 17.—The rights granted natural children by the foregoing section are transmitted on their death to their legitimate descendants." Comp. 1911.

They maintain that the words "foregoing section" in section 3889 refer only to section 3888 and that section 3886, which governs the concurrence of legitimate and natural children (this case) is excluded. But the Spanish text of 3889 is clear on the subject and says "sections." The law is admittedly taken from Spanish sources. In *Celis Alquier* v. *Méndez,* 18 P. R. R. 86, this court, for another purpose, examined these said sections and found that the principal purpose of the Legislature in enacting them was to restore the law for natural children as it had been previous to 1902 and give a right of inheritance to natural children and not to all classes of illegitimate children. Given the difference of the two texts and the history of the law, we hold that the legislative intention is expressed in the Spanish text. The failure of the English text to say "sections" was a mere omission. Nor for the purpose of giving effect to a legislative intention would it be a violent stretch to make the singular import the plural, especially when section 3886 is also a foregoing section. For a somewhat similar construction of the word "foregoing" see *Coleman* v. *Shattuck,* 2 Hun, 497, 502; *Sharon* v. *Sharon,* 79 Cal. 633, 640, 22 Pac. 26, 28.

This is a case of testate succession, but the appellants insist that the rules of intestate succession make for their point of view. They cite section 913 of the Civil Code (4009 Comp. Rev. Stats.) as follows:

"(As amended by Act of March 9, 1911, p. 236.) In default or legitimate descendant or ascendant the natural children legally recognized shall succeed the deceased in the whole of the inheritance.

"If with the natural children there shall concur the descendants of another deceased natural or legitimatized child, the former shall succeed by their own right and the latter by right of representation.

"The rights of inheritance granted to natural children by the two preceding paragraphs, shall be transferable at their death to their descendants, who shall inherit [from] their deceased grandparent.

"Should there be any legitimate descendants or ascendants, the natural descendants shall receive only that portion of the inheritance allowed to them by the act amending and repealing sections 795, 796, etc., of the Civil Code, approved March 9, 1905.

"A natural child has no right to succeed intestate legitimate children or relatives of the father *and* [or] mother who has recognized him or her, nor they a natural or legitimatized child.

"Should a natural recognized child die without leaving a recognized or legitimatized (by him or her) posterity, the deceased shall be succeeded in his or her entirety by the father or mother who recognized him or her; and if both parents performed the recognition and lived, both shall inherit in equal portions.

"In default of natural ascendants, the natural child shall be succeeded by his or her natural brothers or sisters in accordance with the rules established for legitimate brothers and sisters."

The right of a natural child to succeed its father is, perhaps, not so clearly given by section 913 as it is by section 905, but to our minds the former section shows the general policy of the Legislature to make the rights of natural children descendible, at least to their legitimate children, even supposing, as we do not, that said section 913 gave no such right.

It is to be noted that the opinion of Manresa, both as to testate and intestate successions, tends to support the conclusion at which we have arrived. Manresa, Com. Civ. Code, Vol. VII, p. 107; Vol. VI, p. 559. Section 1004 of the Civil Code, in regard to collation, also throws some slight light.

The judgment appealed from must be

*Affirmed.*

Justices del Toro and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.